WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph R. Inman,<br><br>                Plaintiff,<br><br>v.<br><br>Wesco Insurance Company; Kathy Murphy; et al.,<br><br>                Defendants. | No. CV-12-02518-PHX-GMS<br><br>**ORDER** |

Defendant Kathy Murphy moves to Dismiss Plaintiff Joseph Inman's aiding-and-abetting claim against her. (Doc. 18.) For the reasons set forth below, the Court denies the Motion.[1]

## BACKGROUND

Inman is a Nevada resident who worked for Sybrant Construction, LLC. (Doc. 1-1 ¶¶ 2, 11.) During the course of his employment, he fell off a cliff and suffered serious injuries. (*Id.* ¶ 11.) He filed a claim for workers' compensation with Defendant Wesco Insurance Company.[2] (*Id.* ¶ 12.) Wesco assigned Murphy to handle Inman's claim. (*Id.*) Inman claims that Murphy improperly adjusted his claim, which resulted in "ceasing and denying further medical and income benefits to Mr. Inman." (*Id.*) It appears that Wesco

---

[1] Inman's request for oral argument is denied because the Parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] Defendant AmTrust was dismissed from this action in Superior Court.

disputed several aspects of Inman's claimed injuries. (*Id.*, Exs. A-1, A-2.)

Inman hired an attorney and went to the Industrial Commission of Arizona. (*Id.* ¶ 13.) The Industrial Commission apparently overruled Wesco's decision to deny those benefits and ordered payment. (*Id.*) Inman suffered physical and economic harm as a result of the delays. (*Id.* ¶ 15.) He filed suit against the Defendants in Maricopa County Superior Court on October 4, 2012. (Doc. 1-1.) Defendants removed this case on November 26, 2012, (Doc. 1), and Murphy filed her Motion to Dismiss on January 25, 2013, (Doc. 18).

## DISCUSSION

### I. LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." *Id.* at 679 (internal quotation omitted).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However,

legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. ANALYSIS

Inman asserts a single claim against Murphy: aiding and abetting Wesco's allegedly tortious conduct. (Doc. 1-1 ¶¶ 29–36.) Murphy claims that Inman's Complaint suffers from two deficiencies: (1) he has failed to plead sufficient facts to support an aiding and abetting claim, and (2) no claim lies against an adjuster for aiding and abetting her employer, the insurer.

### A. The Complaint's Factual Sufficiency

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The Supreme Court, in the *Twombly* and *Iqbal* decisions cited above, has read Rule 8 to require a plaintiff to plead sufficient factual content to make his claim for relief plausible. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678–79. Murphy claims that Inman simply sketches the skeletal elements of an aiding and abetting case without providing the necessary factual allegations. "Claims of aiding and abetting tortious conduct require proof of three elements: (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons*, 201 Ariz. 474, 485, 38 P.3d 12, 23 (2002). Inman has pled facts to support each of the elements.

Murphy does not contest the Complaint's sufficiency with regard to the first element, namely, that Wesco breached the duty of good faith and fair dealing. She does contest the remaining two. "Because aiding and abetting is a theory of secondary liability, the party charged with the tort must have knowledge of the primary violation, and such

knowledge may be inferred from the circumstances." *Id.* With regard to knowledge, Inman has pled the following:

- Murphy was the adjuster in charge of processing Inman's workers' compensation claim. (Doc. 1-1 ¶ 12.)
- Murphy did not properly investigate and adjust Inman's claim, and refused to pay out on Inman's valid claim. (*Id.* ¶ 13.)
- Murphy did not accept undisputed medical evidence, did not seek independent evaluation, ignored evidence submitted by Inman, and engaged in an "outcome-driven" approach to the claim. (*Id.* ¶ 14.)
- Murphy "knew that, after an adequate investigation, Mr. Inman's claim was not fairly debatable, that WESCO and AMTRUST delayed and denied Mr. Inman's claim without any reasonable basis, and that WESCO and AMTRUST knew or recklessly disregarded this lack of a reasonable basis to delay and deny Plaintiff's claim." (*Id.* ¶ 32.)

These allegations provide sufficient factual content to support Inman's claim that Murphy knew Wesco was breaching its duty of good faith and fair dealing. Read in the light most favorable to Inman, the Complaint alleges that Murphy had evidence before her that demonstrated Inman's entitlement to certain benefits, but she nevertheless denied portions of his claim. Therefore, Inman has pled knowledge.

The same allegations, if true, would also show that Murphy rendered substantial assistance to Wesco in its breach. "The third requirement, substantial assistance by an aider and abettor, can take many forms, but means more than a little aid." *Wells Fargo*, 201 Ariz. at 488 (internal quotation marks omitted). As stated above, Inman claims Murphy conducted a poor investigation, filed documents with the Industrial Commission, did not accept undisputed medical evidence, did not seek independent evaluation, ignored evidence submitted by Inman, and engaged in an "outcome-driven" approach to the claim. (Doc. 1-1 ¶¶ 12, 14.) Furthermore, by knowing that Inman had a claim, but doing nothing, Murphy "substantially assisted or encouraged WESCO and AMTRUST in

delaying or denying Mr. Inman's on-the-job injury claim, without any reasonable basis." (*Id.* ¶ 33.) All of these allegations are sufficient to allege that Murphy lent substantial assistance to Wesco's alleged breach of the duty of good faith and fair dealing.

Consequently, Murphy's claim that Inman has failed to comply with Rule 8 is incorrect.

### B. Availability of Aiding and Abetting Liability

Murphy argues that a plaintiff cannot sue an adjuster for aiding and abetting her own employer, the insurer, in breaching its duty of good faith and fair dealing. First, she claims that any bad faith claim lies against Wesco, and that no case has established such a cause of action against the employee. That misses the point. Inman is asserting a separate tort, aiding and abetting, against Murphy. He is not asserting the tort of bad faith.

Murphy's next argument is that "Defendant Murphy and Wesco were acting as one entity . . . . According to the allegations in the Complaint, Defendant Murphy's conduct was entirely within her course and scope of employment, and therefore any alleged bad faith would be imputed to Wesco." This position ignores longstanding principles of the law of agency. "It is well-established law that an agent will not be excused from responsibility for tortious conduct [merely] because he is acting for his principal." *Warner v. Sw. Desert Images, LLC*, 218 Ariz. 121, 127, 180 P.3d 982, 992 (Ct. App. 2008). The *Warner* court adopted § 7.01 of the Restatement (Third) of Agency, which states that "'[a]n agent is subject to liability to a third party harmed by the agent's tortious conduct. Unless an applicable statute provides otherwise, an [agent] remains subject to liability although the [agent] acts . . . within the scope of employment.'" *Id.* (quoting Restatement (Third) of Agency § 7.01). Comment b to § 7.01 elaborates that "a tort committed by an agent constitutes a wrong to the tort's victim independently of the capacity in which the agent committed the tort. The injury suffered by the victim of a tort is the same regardless of whether the tortfeasor acted independently or happened to be acting as an agent or employee of another person." Restatement (Third) Of Agency § 7.01, cmt. b (2006).

While the application of these principles to the insurance setting may seem strange to Murphy, it is not unusual. In *Morrow v. Boston Mutual Life Insurance Co.*, No. CIV 06-2635-PHX-SMM, 2007 WL 3287585 (D. Ariz. Nov. 5, 2007), the plaintiff's insurer hired a company to administer claims filed under the insurer's policies. *Id.* at *1. The claims administrator then engaged another company to review the plaintiff's file. *Id.* The same argument was raised and rejected there: "Defendants view themselves as the same entity as [the insurer] for purposes of aiding and abetting the alleged bad faith, and would have Count Two dismissed on that basis." *Id.* at *4. Judge McNamee, however, rejected that claim, applying the principles of agency law described above. *Id.* at *6.

Similarly on point was Judge Bolton's recent order in *Smith v. Country Mutual Insurance Co.*, 2:12-cv-02351-SRB (Jan. 10, 2013). In a suit arising out of an October 2010 hailstorm, two plaintiffs sued their insurance company and adjuster for their handling of the claim. *Id.* at 1. The claim against the adjuster was for aiding and abetting the insurer's breach of the duty of good faith and fair dealing. *Id.* The insurer claimed that the removal of the case was fraudulent because it was obvious no claim lay against the adjuster (a citizen of Arizona whose presence destroyed complete diversity). *Id.* at 1-2. Judge Bolton, like Judge McNamee, applied agency principles and determined that it was not obvious that no claim existed against the adjuster.[3]

These cases make clear that an aiding and abetting claim is not barred simply because a person worked for the alleged primary tortfeasor and was acting within the scope of her employment. It is true that there are not many recorded cases where a claim

---

[3] Also instructive is the situation described in Illustration 4 in the Restatement:

> A, an engineer, is an employee of P Corporation, a structural-engineering firm. T, who is considering purchasing a house, retains P Corporation to evaluate its structural stability. P Corporation assigns A to perform the inspection. A, who performs the inspection negligently, reports to T that the house is structurally sound, which in fact it is not. Relying on A's report, T purchases the house and suffers loss. A is subject to liability to T. P Corporation is also subject to liability to T.

Restatement (Second) of Agency § 7.01 cmt. b (2006).

- 6 -

is pressed against the adjuster; nevertheless, Murphy has not shown any reason why principles of agency law should not apply with equal force in the insurance setting. Even if that application is uncertain, "uncertainties as to the current state of controlling substantive law must also be resolved in favor of plaintiff and against the defendant" at this stage. *Bertrand v. Aventis Pasteur Labs., Inc.*, 226 F.Supp.2d 1206, 1212 (D. Ariz. 2002). Murphy's assertion that Inman's Complaint should be dismissed because an aiding and abetting claim against her cannot exist is therefore rejected.

## CONCLUSION

Inman's Complaint, though sparse, meets the requirements of Rule 8, as specified in *Twombly* and *Iqbal*. And Murphy's argument about the viability of an aiding and abetting claim in her situation is without merit.

**IT IS THEREFORE ORDERED** that Murphy's Motion to Dismiss (Doc. 18) is **DENIED.**

Dated this 12th day of June, 2013.

/G. Murray Snow
United States District Judge